Good morning, Your Honor. Good morning, Mr. Stefanski. If I may please the court. I represent the petitioner, Mr. Habib. The sole issue in this case is whether or not the immigration judge and the Board of Immigration Appeals abused their discretion in denying the petitioner's removal proceedings in order to give him the opportunity to file for asylum. The Board of Immigration Appeals and the immigration judge both ruled that the petitioner did not submit sufficient evidence to show that there was changed circumstances in the country that he did not show that he would suffer any type of harm if he would return to Pakistan. And what's the changed circumstance that you were attempting to present? The petitioner submitted numerous documents including a travel advisory from the State Department, a report from the State Department regarding the humanitarian rights, all indicating that terrorist attacks were on the increase dramatically and that they were specifically singling out Americans and people from Western countries. It's the petitioner's contention that having lived in the United States for, at that time, approximately ten years, that he had become westernized and would basically be looked upon as a traitor if he were to become a Taliban. He also submitted evidence that his parents, or specifically his father, was in the government in Pakistan, held several government jobs, and that he has two brother-in-laws in the military. But the only thing that really substantially changed is the ten years that he was in the United States. He came in as a student. I'm not sure exactly how many years he was here. He was here on a student visa. Yes, he was. For how long? Well, he came in in 1995, so I'm not sure how long he actually attended school. But it seems to me, and I hadn't thought about this in quite this way before, but it seems to me you're asking us to credit conduct, kind of inequitable terms, for the fact that you remember the old clean hands doctrine, that you're asking us to credit illegal conduct in the formula of whether the court should allow credit for these kind of changed circumstances. I hadn't thought about it in those terms before, but it seems to me that that's precisely what you're doing. That's correct. The police overlooked that seven of those years I was here illegally, but credit me nonetheless for my presence in the United States during that time. That would be correct, but under our... Under that theory, then the longer you violate the law, the better your chances are of getting inculturated to American values. We actually have several immigration laws, for example, cancellation removal, that does reward exactly that. If you're here for ten years and you don't have a criminal record, they'll actually give you your green card. Oh, just a minute. I want to make sure we don't have a problem with the phone system. Judge Noonan? Yes. Oh. What's the question? We thought we might have lost you, Judge. No, no. Go ahead. Continue, Counsel. Okay. So, like I said, we do have several areas of the immigration law that do reward people that have been here, as long as they don't get in trouble as far as a criminal record. The fact that he's been here, that should count towards if he has become westernized. My problem, Counsel, is that the evidence that you presented, it's hard to see how either they show changed circumstances or couldn't have been discovered at the time or prior to the hearing in 2010. I think that the facts, the current situation actually may be better for your client than at the time that you moved to reopen. I wondered if you were aware that there was an attack in December of 2014 on a school where over 100 children were murdered and the Taliban, the official spokesperson said that they targeted the school because there were children of Pakistani military officials attending that school. So, I wonder if part of your claim is that he's affiliated closely with the military and so therefore there may be some targeting on that. So, my question to you is were you aware of newer developments since the time that you submitted this and did you discuss that with the government? What we did try to show when we submitted our briefs to the government is that we showed things that started happening before his hearing that, like you indicated, could have been discoverable and could have been submitted into evidence at that time. But we were also showing how subsequent to his hearing, that's when the human rights, from the State Department, the human rights report came out that was subsequent to his hearing. There was numerous terrorist attacks after his hearing and of course one of the big things, in our opinion, is just from his family. I mean, he was planning to go back. He called his parents and said, Mom, Dad, I'm coming back. I'm going to be coming home. And they said, don't come. Your life is in danger. I thought, if you're referring to the 2009 human rights report, I thought that that report only discussed events that occurred prior to his hearing in February 2010. My question is, to the extent that there's a development outside of this record, I wondered if you had a chance to discuss that with government counsel. No, we have not. So what we're asking the court to do is look at it in the cumulative, look at all the documents, what happened in the past and how it's been going and increasingly getting worse. They talk about incremental deterioration of the condition. It's not incremental deterioration. It's a dramatic deterioration, as we've seen throughout the world lately with the Taliban and ISIS. All right, would you like to save the rest of your time? Yes. Thank you. Good morning, Your Honors. May it please the court. My name is Antum I. Wendell. I represent the Board of Justice, and I'd like to ask you about the board abuse of discretion in upholding the denial of the motion to reopen. Petitioner hasn't shown that there was any abuse of discretion here. Petitioner had sought reopening three months after he had voluntarily chosen to seek voluntary departure in lieu of pursuing an application for asylum. During that time, he claims that there were changed country conditions. However, none of the evidence actually substantiates that. As the board specified, the petitioner had alleged that he now feared persecution because of his westernization and because he has family ties with the Pakistani military. However, the evidence that he submitted, none of it actually dealt with any of those groups. It did not address Pakistanis who were returning from the United States and had adopted American culture. It did not address Pakistanis who had family members in the military. So, petitioner instead does not cite the evidence that he submitted, but he instead refers to his own subjective fear. However, this court has stated... Well, the Pakistan security report, I think, does talk about increasing violence. So, there's escalating violence. This is a situation where things change on the ground, and it's fluid, is it not? Your Honor, that may be the case, and that's always the case in circumstances like this when petitioner is seeking to reopen for asylum. However, there's two important considerations. For one, it's a continuation of an escalation. It's not a change of circumstances. The evidence, for example, the U.S. travel warning that was issued in January 2010 that petitioner submitted refers to incidents that had been occurring since October 2009, which was also during the process of petitioner's removal hearings. And then, the human rights report related to events that were prior to its issuance in March 2010. The incidents that he described or that were described in the evidence he provided, they all were an accumulation of different problems, and they all addressed problems that Americans face, not petitioner, those in petitioner's situation. The problem, it seems to me, is, the difficulty, better said, is that the hearing was going to be on February 4th of 2010, correct? The hearing took place on February 4th, 2010, correct, Your Honor? And at that time, he just requested the pre-conclusion voluntary departure. Yes, Your Honor. Petition for reopening then comes only a few months later, like in May the 5th of 2010. So we're really talking about March, April, two months that intervened between the voluntary departure and the motion to reopen. It's difficult to establish, it would seem to me difficult to establish any factual circumstances that happen in two months that justify a reopening of a voluntary election to withdraw. Yes, Your Honor. That seems to be the problem. Well, Your Honor, during those three months, in fact, that was what the immigration judge identified as being the problem, is that he was relying on events that had been taking place throughout his proceedings, and that suddenly, even though he had originally indicated he would pursue asylum, he subsequently said that, well, after that hearing, he had spoken with his parents and then decided that he should now be seeking asylum, even though he had decided to forego that opportunity. Well, that's basically the very issue that I have. I ask you this. In the exercise of total candor on the part side of the government, is there anything in the case authority that justifies a change of conditions solely on the basis of a discreet personal family fact that occurs in the reopening window? To wit, as I understand it, a phone call to his parents and they say don't come. It's dangerous. Your Honor, there's no case law that would allow for that. It is petitioner's burden to establish that he would at least prima facie qualify for relief, and in this case, the problem is not even just that the evidence is insufficient to support reopening to show change of country conditions. The real problem is, as the board identified, is that petitioner's evidence doesn't actually substantiate that he has a reasonable likelihood of qualifying for asylum. He would have to identify where in the evidence petitioner could show that there were instances where someone who has a family member in the Pakistani military has been persecuted, or he would also have to establish that there was evidence to show that someone who had been living in the United States and had adopted westernized culture, that they would also be persecuted. You mentioned that he'd have to show that someone who was affiliated with the Pakistani military be persecuted. I raised this with counsel regarding the attack on the school that killed over 130 plus children where the Taliban specifically said they targeted it because it was affiliated with the Pakistani military. I know that with regard to these cases, in light of the issues in the case and how long sometimes it takes to get to argument, that the government takes a look at the cases prior to argument. For example, on this very calendar today, one case went away because the government took a look at it and dealt with counsel informally, and I wondered if the government had had an opportunity to consider that in light of his claim of affiliation to the Pakistani military in order to do something with this case. We're talking about just the motion to reopen, not the merits of the asylum claim, right? Yes, Your Honor. There are three matters in response to Your Honor's inquiry. First, in terms of this case, the record doesn't include that information and the court's review is limited under 1252b4b to the administrative record. It is also petitioner's burden to... Sure, I understand and I recognize that. I'm clearly referring to something that was not submitted by him before the BIA, and I understand that we're limited to the record before the BIA and that we have to review it deferentially. I'm talking about situations where the government sort of takes an independent look at the case. I'm not sure if counsel's aware of this, but I'm sure government counsel's well aware that we have a very well-established mediation program that we can send you to at the circuit, even at this stage of argument. So my question to you is considerations outside of the record, whether the government had done that sort of assessment. Your Honor, the government... There has been consideration, but this case isn't appropriate for such discretionary, prosecutorial discretion. And in terms of this matter, then, the question presented is really about whether or not the Board acted within its discretion. And so here, a petitioner hasn't shown any basis for even considering such discretion when there isn't any new evidence, and to the extent that that evidence suggests that affiliation with the Pakistani military might provide a basis, the question would also be, well, has petitioner shown a reasonable likelihood that he would be targeted on that basis? And petitioner hasn't done so here. That was what the Board said was his primary issue. And when... So your position is that there's new information now since the time of his motion to reopen, then he can go back and do another motion to reopen? Procedurally, would that be what happened? He would then have to file another motion to reopen based on changed circumstances? Your Honor, there's different approaches that he could do. He could either pursue another motion to reopen based on changed country conditions, where he would actually establish that there was a reasonable likelihood that he would qualify for relief. Or he could also... And in that regard, it would be best to approach the Immigration Customs Enforcement Office of Chief Counsel to determine whether they would join in a motion to reopen because there was sufficient evidence to support his claim. He hasn't done that in this case, and so when looking at what the Board did, it was very much within its discretion. And petitioner's burden is to establish his eligibility. He hasn't done so. He hasn't identified how the court should... In that regard, then the court should deny the petition for review. So are you saying that a decision on the merits by this panel would not bar the petitioner from filing yet another motion to reopen? Your Honor, there are some regulatory limitations with respect to the motions to reopen. And certainly, if there are new developments, then it doesn't preclude petitioner from reaching out to the Office of Chief Counsel for the Immigration Customs Enforcement to exercise their prosecutorial discretion. However, as far as the substantive merits of this case, petitioner has not established that it warrants reversing the agency's decision. At this stage? Your Honor, petitioner hasn't done anything at this stage, and even any new evidence would have to be at a higher threshold than he has established, merely asserting that especially when he still has family members living in Pakistan, where there is no allegations that they've had any issues. That certainly does not weigh in his favor in seeking reopening. Thank you. Thank you, Your Honor. Thank you. Your Honor, I'd just like to bring up two matters here. One was where you indicated within 90 days between the time of the hearing and the time the motion to reopen was filed was a very short period. The fact is, during that short period of time, there were numerous attacks that happened after, terrorist attacks, that happened after his initial hearing. And so, when you couple his parents' warning to him, the warnings from the State Department, even if they were prior to his hearing, plus now all these attacks that are taking place subsequent, in just that 90-day period, numerous attacks that did give him that fear and changed conditions in his country. The other thing that I just want to point out to the Court is both the immigration judge and the Board of Immigration Appeals, for some reason, refer to that he hasn't proven that he would be harmed if he goes back to Pakistan. But the standard is a well-founded fear of persecution for asylum, not that he's going to be harmed. He has a well-founded fear that it's a subjective standard, that he truly feels it in his heart, and an objective standard that a reasonable person in his shoes would feel that he could be suffering persecution if he would return home. Thank you very much, Counsel. Thank you. Thanks to both sides for your arguments. This matter is also submitted for decision by the Court, and that wraps up our week. Court is adjourned.
judges: Noonan, Lucero, Nguyen